IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BEULAH LITTLE, <br><br> Plaintiff, <br><br> v. <br><br> BOTTLING GROUP, LLC <br> DBA PEPSI BEVERAGES <br> COMPANY <br> Defendant | CIVIL ACTION FILE NO. <br><br> _____ <br><br> JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES

COMES NOW Beulah Little ("Plaintiff" or "Ms. Little") by and through her undersigned counsel of record and files this Complaint for Damages against Bottling Group. LLC DBA Pepsi Beverages Company ("Defendant Pepsi Co"), and hereby seeks damages against the Defendants through its employees for retaliation against Plaintiff for reporting violations of company policy and sexual harassment.

1

NATURE OF THE ACTION

1.

This is an action under: 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964; Title I of the Civil Rights Act of 1991; to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Ms. Little, who was adversely affected by such practices.

JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1343. This action is authorized and instituted pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e ("Title VII"), and Section 102 of the Civil Rights Act of l991.

3.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia.

PARTIES

4.

Ms. Little is an individual United States citizen who at all relevant times was a resident of Clayton County, Georgia.

5.

Defendant Bottling Group LLC. is a Limited Liability Company registered to do business in Georgia. Its principal office registered agent in Georgia is located at **289 S Culver St, Lawrenceville, GA, 30046-4805, USA**. Defendant may be served with a copy of this Complaint through C T Corporation System.

6.

Defendant was Plaintiff's employer within the meaning of Title VII. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 of Title VII and 42 U.S.C. § 2000e.

## ADMINSITRATIVE PREREQUISITES

7.

Ms. Little has complied with all administrative prerequisites to action under Section 706 of Title VII, as amended, 42 U.S.C. Sections 2000e-5 by timely filing a formal charge of retaliation (Charge No. 410-2017-01075) with the EEOC, Atlanta District Office.

8.

Ms. Little has exhausted all available administrative remedies in accordance with the aforementioned statues prior to instituting this Civil Action, and received

a Notice of Right to Sue on November 22, 2017 (Attached to the Complaint as Exhibit A).

STATEMENT OF CLAIMS

9.

Beginning in January 2016 through July 2016 coworker, Marcus Lisenbee began harassing Ms. Little during work hours.

10.

During the period of harassment Ms. Little was working in various positions for Pepsi Co.4

11.

Plaintiff's immediate supervisor was Tiffany Carol. Ms. Little requested Tiffany to confront Marcus in a meeting to no avail.

12.

The next supervisor she reported her issues of sexual harassment to was Koma Train. Mr. Train asked her what happened and he asked her to sign a statement in which he drafted to outline the incident. Ms. Little complied with the request of her Supervisor Mr. Train and there was no action taken by Pepsi Co.

> **Comment [RW1]:** He asked her to sign a statement that he typed up or he asked her to write a statement?

12.

Mr. Train documented the complaint from Ms. Little but took no further action.

13.

Ms. Little repeatedly reported the continued harassment and was instructed to avoid the perpetrator; no corrective action was taken.

14.

In an effort to escape the hostile working environment Plaintiff, Ms. Little, asked if she could work varying shifts from the assailant and or he be placed on an alternate shift. The following week after the final incident Ms. Little was scheduled to work with Marcus.

> Comment [RW2]: Again fix Johnson.
> Comment [RW3R2]:

15.

After reporting the sexual harassment Plaintiff called the 1-800-Speak Out hotline on May 28, 2016 to report the incident again, and was told that an investigation would take place.

16.

Agents of Defendant from the Human Resources Department spoke with Plaintiff a week after the May 28, 2016 reporting and told her they would do an investigation.

17.

Ms. Little was never made aware of the findings of the "investigation"; and the findings were never disclosed as far as Plaintiff has been informed.

18.

Ms. Little was however informed that Marcus, the harasser, would never say anything of a sexual nature about Ms. Little again. Furthermore, she was told that Mr. Lisenbee would not interact with her except for important work related information.

19.

Following all of the assurances Marcus made several other inappropriate comments when he was scheduled, by management, to work with Ms. Little, after she made the protected disclosures.

20.

Due to the nature of the harassment and retaliation Ms. Little was forced to retire early after decades of service.

21.

Ms. Little had never been written up or disciplined for any acts during the entire time period she worked for Defendant. The retaliation began one she reported these issues.

COUNT I: RETALIATION (TITLE VII)

22.

Plaintiff incorporates herein by reference the preceding paragraphs of this complaint as if fully set forth herein.

23.

Plaintiff engaged in a protected activity when she reported sexual harassment by Marcus Lisenbee to Defendant.

24.

Plaintiff suffered adverse employment actions as a result of this disclosure including but not limited to, a reduction in workload and responsibility, an arbitrary increase in the scrutiny of her work, and lack of critical communication from her supervisors, and ultimately forced retirement.

25.

Ms. Little's protected activity was a motivating factor given that Defendant took adverse employment actions against her immediately following the reporting of the complaint.

26.

Ms. Little suffered damages because of the adverse employment actions.

27.

No legitimate non-retaliatory reason exists for Defendant's treatment of Plaintiff.

28.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, the invasion of the right to be free from retaliation, emotional pain, mental distress, inconvenience, mental anguish and Plaintiff is entitled to attorneys' and witness' fees, costs and other compensatory damages pursuant to Title VII from Defendant.

29.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

COUNT II: ATTORNEYS' FEES AND COSTS

30.

Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

31.

The misfeasance and wrongful conduct of Defendant evidence such bad faith, vexatiousness, stubborn litigiousness and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct on the part of Defendant entitles Plaintiff to recover her reasonable costs and expenses, including, but not limited to, attorneys' fees, incurred in connection with this action.

32.

Plaintiff is therefore entitled to recover her reasonable attorneys' fees and other costs pursuant in an amount to be proved at the time of trial.

33.

Plaintiff is also entitled to attorneys' fees and other costs of litigation pursuant to the Title VII as provided in 29 U.S.C. § 2617.

34.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

(a) That Plaintiff have judgment against Defendants on all counts, in an amount to be determined at trial;

(b) That Plaintiff be awarded back pay and compensation for lost benefits of employment, to the extent awardable under the Counts set forth above;

(c) That Plaintiff recover compensatory damages in an amount reasonable and commensurate with the economic loss suffered as a result of Defendants retaliation and the pain and emotional distress imposed upon him by Defendants intentionally retaliatory acts and all other sums and relief to which Plaintiff is entitled;

(d) That Plaintiff recover pre-judgment interest from Defendants;

(e) That Plaintiff recover post-judgment interest from Defendants;

    (f)    That Plaintiff recover from Defendants her attorneys' fees and costs incurred in bringing this action;

    (g)    That this Court enjoin Defendants from any further retaliatory and unlawful conduct;

    (h)    That a jury trial be had as to all issues in this Complaint; and

    (i)    For all such other and further relief as is deemed just and proper by this Court.

Respectfully submitted this 13th day of February 2018.

> /s/ Ryan C. Williams, Esq
> Sydnor Williams, LLC
> Georgia Bar No. 754129
> 100 Peachtree Street, NW
> Suite 2095
> Atlanta, GA 30303
> Tel: (404) 951-5812
> Fax: (404) 368-7392
>
> Clarence A. Sydnor IV, Esq.
> Sydnor Williams, LLC
> Georgia Bar No. 627173
> 100 Peachtree Street, NW
> Suite 2095
> Atlanta, GA 30303
> Tel: (404) 951-5812
> Fax: (404) 368-7392
> Attorneys for the Plaintiff

**FONT CERTIFICATION**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 9th day of February, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

/s/ Ryan C. Williams
Sydnor Williams, LLC
Georgia Bar No. 754129
100 Peachtree Street, NW
Suite 2095
Atlanta, GA 30303
Tel: (404) 951-5812
Fax: (404) 368-7392

**Deleted:** . ... [1]

| Page 12: [1] Deleted | Ryan Williams | 2/13/18 10:27:00 PM |